UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY COMPOLI and
COREY CARDINAL, Individually
and on behalf of others similarly situated,

    Plaintiffs,                                Case No. 8:19-cv-01876-SDM-CPT

v.

DIGITAL CONCRETE IMAGING, INC.
and BRYAN W. BACHELLER, individually,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

DEFENDANTS, DIGITAL CONCRETE IMAGING, INC. and BRYAN W. BACHELLER ("Defendants"), through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 8 and 12 hereby answers Plaintiffs' Complaint (Doc. 1) and asserts defenses and affirmative defenses as follows:

### JURISDICTION AND VENUE

1. Defendants admits, for jurisdiction purposes only, that this case is properly before the Middle District of Florida pursuant to 28 U.S.C. §§ 1331 and or 1441(b), but deny that any improper employment practices occurred. Defendants deny the remaining allegations and inferences contained in Paragraph 1 of the Complaint.

2. Defendants admit, for venue purposes only, that this case is properly before the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b), but denies that any improper employment practices occurred. Defendants deny the remaining allegations and inferences contained in Paragraph 2 of the Complaint.

## PARTIES

3. Defendants are without knowledge, and therefore deny the allegations in Paragraph 3 of the Complaint.

4. Defendants are without knowledge, and therefore deny the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants are without knowledge, and therefore deny the allegations in Paragraph 10 of the Complaint.

## FACTS

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 of the Complaint are ambiguous, and therefore Defendants deny them.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

16. Defendants re-allege and adopt, as if fully set forth herein, the responses stated in

Paragraphs one (1) through fifteen (15).

17. Defendants admit they are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended. Defendants, however, deny Plaintiffs are entitled to any relief under the FLSA.

18. Defendants admit they are subject to the requirements of the FLSA, as amended. Defendants, however, deny Plaintiffs are entitled to any relief under the FLSA.

19. Defendants admit Plaintiffs are covered under the FLSA.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

In response to the "Wherefore" allegations following Paragraph 29 of the Complaint, Defendants deny that Plaintiffs are entitled to judgment or relief.

## COUNT II

30. Defendants re-allege and adopt, as if fully set forth herein, the responses stated in Paragraphs one (1) through fifteen (15).

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

www.jet.law
Employment Attorneys

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

In response to the "Wherefore" allegations following Paragraph 35 of the Complaint, Defendants deny that Plaintiffs are entitled to judgment or relief.

## COUNT III
## FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES AS TO DIGITAL CONCRETE IMAGING, INC.

36. Defendants re-allege and adopt, as if fully set forth herein, the responses stated in Paragraphs one (1) through fifteen (15).

37. Defendants deny the allegations in Paragraph 37 of the Complaint

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

In response to the "Wherefore" allegations following Paragraph 39 of the Complaint, Defendants deny that Plaintiffs are entitled to judgment or relief.

## AFFIRMATIVE AND OTHER DEFENSES[1]

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims for liquidated damages and the claims of the class of persons Plaintiffs purport to represent are barred to the extent Defendants acted in good faith and had reasonable grounds for believing their actions were not in violation of the FLSA.

---

[1] By pleading any matter as a defense, Defendants do not concede that they bear the burden of proof with regard to such matter.

### THIRD DEFENSE

Plaintiffs' claims and the claims of the class of persons Plaintiffs purport to represent are barred to the extent Plaintiffs seek damages beyond the applicable limitations periods, which here is two years and at most three years, for any wage or overtime claims.

### FOURTH DEFENSE

Plaintiffs' claims and the claims of the class of persons Plaintiffs purport to represent are barred in whole or in part because Plaintiffs and the members of the purported class were properly classified as exempt under one or more exemptions, or combination of exemptions.

### FIFTH DEFENSE

Plaintiffs cannot establish that any acts or omissions of Defendants were in willful violation of the FLSA. Accordingly, a two-year statute of limitations applies to the claims of Plaintiffs and the class of persons Plaintiffs purport to represent.

### SIXTH DEFENSE

Plaintiffs' claims and the claims of the class of persons Plaintiffs purport to represent are barred because Plaintiffs were paid all wages due.

### SEVENTH DEFENSE

Even crediting the allegations of the Complaint, the activities for which Plaintiffs and the class of persons Plaintiffs purport to represent were allegedly not compensated involve only insubstantial and insignificant periods of time, or are de minimis, and are not compensable under the FLSA or any other applicable law or regulation.

### EIGHTH DEFENSE

To the extent Plaintiffs and the class of persons Plaintiffs purport to represent are entitled to damages, Defendants are entitled to a credit or set off against amounts overpaid in the course of

their employment.

### NINTH DEFENSE

Some or all of the disputed time for which Plaintiffs and the class of persons Plaintiffs purport to represent seek recovery of wages purportedly owed was spent engaged in activities which were not hours worked under the FLSA and other applicable laws and were not an integral and indispensable part of their principal activities.

### TENTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seek to assert claims on behalf of other employees who are not similarly situated for purposes of the FLSA or any law with respect to matters alleged in the Complaint.

### ELEVENTH DEFENSE

Current and former employees of Defendants are not similarly situated for purposes of the FLSA or any other law.

### TWELFTH DEFENSE

Plaintiffs fail to satisfy the prerequisites for certification under the FLSA and, therefore, cannot represent the interests of others.

### THIRTEENTH DEFENSE

Because liability may be not determined by a single jury on a class-wide basis, allowing this action to proceed as a collective action would violate Defendants' rights under the Seventh Amendment.

### FOURTEENTH DEFENSE

Plaintiffs lack standing to assert the legal rights or interests of others.

## FIFTEENTH DEFENSE

This court lacks jurisdiction over the claims of some of the putative class members.

## SIXTEENTH DEFENSE

Plaintiffs' Complaint as a whole is barred in whole or in part because, based on the hours worked, Plaintiffs and the alleged putative class members are not entitled to overtime compensation under the FLSA.

## SEVENTEENTH DEFENSE

Plaintiffs' claims and the claims of the class of persons Plaintiffs purport to represent are barred to the extent Plaintiffs seek compensation for activities that are non-compensable under the Portal to Portal Act, including 29 U.S.C. § 254(a).

## EIGHTEENTH DEFENSE

Without foregoing any and all of the defenses herein, and without admitting any liability on behalf of Defendants, to the extent Plaintiffs and the class of persons Plaintiffs purport to represent are entitled to any overtime damages, such overtime is calculated at one half of their regular rate of pay because Plaintiffs' compensation, and the compensation of the class of persons Plaintiffs purport to represent, compensated them for all hours worked.

## NINETEENTH DEFENSE

Plaintiffs and the class of persons Plaintiffs purport to represent are estopped and/or barred from claiming overtime compensation is owed to them because some or all of them signed agreements at the conclusion of their employment with Defendants in which they affirmed that they reported all hours worked for Defendants and had received all wages and other compensation to which they might be entitled.

## TWENTIETH DEFENSE

Because Plaintiffs' Complaint is phrased in vague and conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

DATED this 27th day of August, 2019.

> Respectfully submitted,
> JET DOT LAW, PLLC
> 12249 Science Drive, Suite 155
> Orlando, Florida 32826
> By: *s/Jesse I. Unruh*
>     Jesse I. Unruh, Esq.
>     Florida Bar No. 93121
>     jesse@jet.law
>
> Attorney for Defendants | DIGITAL CONCRETE IMAGING, INC. and BRYAN W. BACHELLER.

## CERTIFICATE OF SERVICE

I hereby Certify that on this 27th day of August, 2019, the foregoing was electronically filed with the Court by using the Middle District of Florida's CM/ECF portal, which will send a notice of electronic filing to: Wolfgang M. Florian and Christopher D. Gray, 16524 Pointe Village Drive, Suite 100, Lutz, FL 33558 | wolfgang@fgbolaw.com, chris@fgbolaw.com.

8

www.jet.law
Employment Attorneys