UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY COMPOLI and
COREY CARDINAL, Individually
and on behalf of others similarly situated,

    Plaintiffs,                                Case No. 8:19-cv-01876-SDM-CPT

v.

DIGITAL CONCRETE IMAGING, INC.
and BRYAN W. BACHELLER, individually,

    Defendants.
_____/

## CASE MANAGEMENT REPORT

1.    Meeting of the Parties: Under Local Rule 3.05(c)(2)(B) or 3.05(c)(3)(A), a meeting was held on September 23, 2019 at 11:00 AM (check one)

    (**X**)    by telephone.
    (__)    at _____(place)_____.

The meeting was attended by:

| Name | Counsel for (if applicable) |
| --- | --- |
| **Wolfgang M. Florin, Esquire** | **Counsel for Plaintiffs** |
| **Jesse I. Unruh, Esquire** | **Counsel for Defendants** |

2.    Initial Disclosure:

    a.  Rule 26(a)(1), Federal Rules of Civil Procedure, states:

        Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated
        or ordered by the court, a party must, without awaiting a discovery
        request, provide to the other parties:

   (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

   (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

   (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

   (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.[1]

The parties (check one)

(__) have exchanged Rule 26(a)(1)(A) information.

(X) agree to exchange Rule 26(a)(1)(A) information on or before **October 30, 2019**.[2]

(__) stipulate not to disclose Rule 26(a)(1)(A) information because

---

[1] A party is not excused from an initial disclosure because the party has not fully completed an investigation of the case or because the party challenges the sufficiency of another party's disclosures or because another party has failed to disclose. Fed. R. Civ. P. 26(a)(1).

[2] Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Unless otherwise stipulated or ordered, any party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined. Fed. R. Civ. P. 26(a)(1)(D).

>  _____
>  _____
> (__)  are unable to agree to disclosure of Rule 26(a)(1)(A) information
>       because _____
>       _____
>       _____
>       _____

3.   Discovery Plan (Plaintiffs): The parties jointly propose the following discovery plan for the plaintiffs:

> a.  Planned Discovery: A description of each discovery effort the plaintiffs plan to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the plaintiffs will pursue the discovery.
>
>> (1) Request for Admission:
>>
>>> **Plaintiffs will serve requests for admission per the rules.**
>>>
>>> Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the plaintiffs' requests for admission.
>>
>> (2) Written Interrogatory:
>>
>>> **Plaintiffs will serve written interrogatories. The number of interrogatories served will be limited to twenty-five (25), absent stipulation or leave of court.**
>>>
>>> Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the plaintiffs may request leave to exceed this limit.
>>
>> (3) Request for Production or Inspection:
>>
>>> **Plaintiffs will serve Requests for Production, pursuant to Rule 34, Fed.R.Civ.P., upon Defendants. These requests will address topics which are relevant to any party's claim or defense and proportional to the needs of the case,**

> **considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

(4) Oral Deposition:

Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the plaintiffs may request leave to exceed this limit.

Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

The parties request an order extending the duration of the following depositions:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|

b.  Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the plaintiffs' Rule 26(a)(2) disclosure is due on or before **February 14, 2020**.

c.  Supplementation of Disclosure and Response: The parties agree that the plaintiffs will supplement under Rule 26(e) at the following times:

> **Plaintiffs' supplementation will be provided no later than 45 days before the discovery cutoff and thereafter as required by the rules. However, Defendants reserve the right to object to information disclosed after discovery cutoff.**

d.  Completion of Discovery: The plaintiffs will begin discovery in time to complete the discovery on or before **April 14, 2020**.

4.  Discovery Plan (Defendants): The parties jointly propose the following discovery plan for the defendants:

a. Planned Discovery: A description of each discovery effort the defendants plan to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the defendants will pursue the discovery.

   (1) Request for Admission:

   **Defendants will serve requests for admission per the Rules.**

   Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the defendants' requests for admission.

   (2) Written Interrogatory:

   **Defendants will serve written interrogatories. The number of interrogatories served will be limited to twenty-five (25), absent stipulation or leave of court.**

   Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the defendants may request leave to exceed this limit.

   (3) Request for Production or Inspection:

   **Defendants will serve Requests for Production, pursuant to Rule 34, Fed.R.Civ.P., upon Plaintiffs. These requests will address topics which are relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

   (4) Oral Deposition:

   **Plaintiffs will make themselves available for deposition by the defendants at a mutually agreed upon time and place. Defendants reserve the right to name additional individuals to be deposed as they are revealed through discovery.**

Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the defendants may request leave to exceed this limit.

Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

The parties request an order extending the duration of the following depositions:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|

b. Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the defendants' Rule 26(a)(2) disclosure is due on or before **March 13, 2020**.

c. Supplementation of Disclosure and Response: The parties agree that the defendants will supplement under Rule 26(e) at the following times:

**Defendants' supplementation will be provided later than 45 days before the discovery cutoff and thereafter as required by the rules. However, Plaintiffs reserve the right to object to information disclosed after discovery cutoff.**

d. Completion of Discovery: The defendants will begin discovery in time to complete the discovery on or before **April 14, 2020**.

5.  Joint Discovery Plan: The parties agree to the following discovery practices (e.g., method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues):

**The Parties agree abide by the Federal Rules of Civil Procedure and the Middle District of Florida's Civil Discovery Handbook.**

6.     Disagreement or Unresolved Issue Concerning Discovery: No disagreement or unresolved issue excuses the timely establishment of a deadline for completion of discovery. The following discovery issues remain:

**None at this time**.

7.     Third-Party Claim, Joinder of Party, Potentially Dispositive Motion: The parties agree that they must move by **January 9, 2020** for leave to file a third-party claim or for leave to join a party. *See* Local Rule 4.03. The parties agree that a dispositive motion is due on or before **May 14, 2020**.

8.     Settlement and Alternative Dispute Resolution: Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

The parties agree that settlement is (check one)

(__)   likely.
(X)    unlikely.

Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties (check one)

(__)   consent.
(**X**)   fail to consent.

If the parties fail to consent to binding arbitration, future consent is (check one)

(__)   likely.
(**X**)   unlikely.

If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

9.     Consent to Magistrate Judge Jurisdiction: Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (*see* 28 U.S.C. § 636), the parties (check one)

(__)   consent.
(X)    fail to consent.
If the parties do not consent, future consent is (check one)

  (__) likely.
  (X) unlikely.

10. Final Pretrial Conference and Trial: The parties will prepare for a final pretrial conference, which will occur on or after **September 14, 2020**, and for trial, which will occur on or after **October 5, 2020**. This trial is expected to last approximately **2-4 days** and is a (check one)

  (**X**) jury trial.
  (__) bench trial.

11. Pretrial Disclosure and Final Pretrial Procedure: The parties acknowledge awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

12. Other Items:

 a. Brief Description of Nature and Complexity of Action

  Pursuant to this Court's Order (Doc. 5) the Parties provide the following description of this action:

> **This is an action for alleged unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). The parties believe this to be a case of moderate complexity.**

 b. Complaint Amendment and Motion for Conditional Certification Deadlines:

> **The Plaintiffs request that the deadline to amend the Complaint and the deadline to file a motion for conditional certification be set for Monday January 6, 2020. Defendants have no objection to this deadline.**

| | |
|---|---|
| WOLFGANG M. FLORIN, ESQUIRE | JESSE I. UNRUH, ESQUIRE |
| Florida Bar No.:907804 | Fla. Bar No.: 93121 |
| FLORIN GRAY BOUZAS OWENS, LLC | JET DOT LAW, PLCC |
| 16524 Pointe Village Drive, Ste. 100 | 12249 Science Drive, Suite 155 |
| Lutz, Florida 33558 | Orlando, Florida 32826 |
| Telephone: (727) 254-5255 | Telephone: (407) 494-0135 |
| Facsimile: (727) 483-7942 | |

By: /s/Wolfgang M. Florian          By: /s/Jesse I. Unruh
Wolfgang M. Florin                              Jesse I. Unruh
Attorney for Plaintiffs                          Attorney for Defendants
wolfgang@fgbolaw.com                     jesse@jet.law