UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY COMPOLI and COREY CARDINAL,
Individually and on behalf of others similarly
situated,

    Plaintiffs,                                         CASE NO.: 8:19-cv-01876-SDM-CPT

v.

DIGITAL CONCRETE IMAGING, INC.
and BRYAN W. BACHELLER, individually,

    Defendants.

_____/

**SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS**

This Settlement Agreement and Release of Claims (the "Agreement") is entered into by and between TIMOTHY COMPOLI and COREY CARDINAL ("Plaintiffs") and DIGITAL CONCRETE IMAGING, INC. and BRYAN W. BACHELLER ("Defendants"), collectively (the "Parties").

WHEREAS, Plaintiffs are employees of the Defendants;

WHEREAS, Plaintiffs filed a civil action against Defendants in the United States District Court, Middle District of Florida, Tampa Division, seeking redress for alleged violations under the provisions of section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, Case Number 8:19-cv-01876-SDM-CPT; and

WHEREAS, Defendants deny all allegations in the Lawsuit and any liability and/or any other wrongdoing in respect to Plaintiffs;

1

WHEREAS, Plaintiffs and Defendants wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is resolved as follows:

1. RECITALS: The foregoing recitals are true and correct and are incorporated below as if fully set forth therein.

2. RELEASE OF FLSA AND WAGE CLAIMS:

    a. This agreement shall constitute a release of all claims Plaintiffs might have under the FLSA against Defendants.

    b. Upon execution of this Agreement, the parties shall immediately file a Joint Motion for Approval of Settlement and Dismissal of this case, with prejudice.

    c. In exchange for the consideration set forth in Paragraph 3 below, Plaintiffs, for themselves and their attorneys, heirs, executors, administrators, successors and assigns, hereby waives and releases, knowingly and willingly, Defendants, Digital Concrete Imaging, Inc. and Bryan W. Bacheller, their heirs, executors, administrators, legal representatives, parent corporations, sibling corporations, predecessor companies, insurers, attorneys, past, present and future divisions, subsidiaries, affiliates and related companies and their successors and assigns, and all past, present and future directors, officers, employees and agents of these entities, personally and as directors, officers, employees, and agents (the "Released

Parties"), from any and all wage claims of any nature whatsoever Plaintiffs have arising out of or related to the payment of wages during their employment with Defendants, known or unknown, including, but not limited to, any claims Plaintiffs may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations, including claims of retaliation and claims for attorneys' fees which relate to the payment of wages. Plaintiffs also represent and certify that they have received full payment for all hours worked while employed by Defendants, including minimum wage, overtime hours, bonuses, and vacation pay and that no further payment for hours worked is due by Defendants, their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present, and future directors, officers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, and attorneys.

3. SETTLEMENT SUMMARY: In exchange for and in consideration of the Releases and promises of Plaintiffs in this Agreement, Defendants agree to pay a total sum of SIXTY THOUSAND AND 00/100ths ($60,000.00). The payments will be tendered as follows:

   1. Payments to TIMOTHY COMPOLI in the gross amount of $10,000, as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendant along with the executed Agreement; and

   2. Payments to TIMOTHY COMPOLI in the gross and net amount of $10,000, as liquidated damages. An IRS Form 1099 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement; and

3. Payments to FLORIN GRAY BOUZAS OWENS, LLC in the amount of $17,550.00 representing attorneys' fees and costs on behalf of TIMOTHY COMPOLI for which separate IRS Forms 1099 shall issue to FLORIN GRAY BOUZAS OWENS, LLC.FLORIN GRAY BOUZAS OWENS, LLC must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement.

4. Payments to CORY CARDINAL in the gross amount of $6,500, as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendant along with the executed Agreement; and

5. Payments to CORY CARDINAL in the gross and net amount of $6,500, as liquidated damages. An IRS Form 1099 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement; and

6. Payments to FLORIN GRAY BOUZAS OWENS, LLC in the amount of $9,450.00 representing attorneys' fees and costs for which separate IRS Forms 1099 shall issue to FLORIN GRAY BUZAS OWENS, LLC. FLORIN GRAY BOUZAS OWENS, LLC must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement.

***Plaintiffs are specifically aware of and agrees with, the number of attorneys' fees and costs to be paid to Plaintiffs' counsel for representing their interests in this matter.***

a. The settlement sum will be delivered to Plaintiffs' counsel as follows: (summarized in table below)

|  | 31-Jan-20 | 31-Mar-20 | 30-Jun-20 | 30-Sep-20 |
|---|---|---|---|---|
| Compoli (wages) | $3,333.33 | $2,500 | $2,500 | $1,666.66 |
| Compoli (liquidated damages) | $3,333.34 | $2,500 | $2,500 | $1,666.67 |
| Florin Gray Bouzas Owens, LLC | $5,850.00 | $4,387.50 | $4,387.50 | $2,925 |
| Cardinal (wages) | $2,166.66 | $1,625 | $1,625 | $1,083.33 |
| Cardinal (liquidated damages) | $2,166.67 | $1,625 | $1,625 | $1,083.34 |
| Florin Gray Bouzas Owens, LLC | $3,150.00 | $2,362.50 | $2,362.50 | $1,575 |
| Total: | $20,000.00 | $15,000.00 | $15,000.00 | $10,000.00 |

On January 31, 2020 a payment of $20,000 will be delivered as follows: one (1) check payable to Timothy Compoli in the gross amount of $3,333.33 as taxable wages; one (1) check payable to Timothy Compoli in the gross and net amount of $3,333.34 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $5,850.00; one (1) check payable to Cory Cardinal in the gross amount of $2,166.66 as taxable wages; one (1) check payable to Cory Cardinal in the gross and net amount of $2,166.67; and one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $3,150.00. 2) On March 31, 2020 a payment of $15,000 will be delivered as follows: one (1) check payable to Timothy Compoli in the gross amount of $2,500.00 as taxable wages; one (1) check payable to Timothy Compoli in the gross and net amount of $2,500.00 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $4,387.50; one (1) check payable to Cory Cardinal in the gross amount of $1,625.00 as taxable wages; one (1) check payable to Cory Cardinal in the gross and net amount of $1,625.00 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $2,362.50. 3) On June 30, 2020 a payment of $15,000 will be delivered as follows: one (1) check payable to Timothy Compoli in the gross amount of $2,500.00 as taxable wages; one (1) check payable to Timothy Compoli in the gross and net amount of $2,500.00 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $4,387.50; one (1) check payable to Cory Cardinal in the gross amount of $1,625.00 as taxable wages; one (1) check payable to Cory Cardinal in the gross and net amount of $1,625.00 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $2,362.50. 4) On September 30, 2020, a payment of $10,000 will be delivered as follows: one (1) check payable to Timothy

Compoli in the gross amount of $1,666.66 as taxable wages; one (1) check payable to Timothy Compoli in the gross and net amount of $1,666.67 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $2,925.00; one (1) check payable to Cory Cardinal in the gross amount of $1,083.33 as taxable wages; one (1) check payable to Cory Cardinal in the gross and net amount of $1,083.34; and one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $1,575.00. Defendants will act in good faith to timely deliver all above funds, the Parties agree that if Defendants' do not deliver the settlement funds on the above stated dates, Defendants shall have five business days within which to deliver said funds, and provided that the funds are delivered within that timeframe the delay will not be a breach of this Agreement.

b. Plaintiffs understand and acknowledge that the payments specified in this section would not be issued to Plaintiffs except for Plaintiffs' execution of this Agreement, including the Release of FLSA claims contained herein, and Plaintiffs' fulfillment of the promises contained herein.

c. Defendants make no representation as to the taxability of the amounts paid to Plaintiffs. Plaintiffs agree to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiffs agree to indemnify Defendants and hold them harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiffs or Plaintiffs' attorney under the terms of this Agreement.

7. <u>REINSTATEMENT.</u> Given the installment nature of the payments under this Agreement the Parties agree that upon any default of any payment obligation above Plaintiffs shall have the option to reinstate the litigation. In the event Plaintiffs elect to reinstate the litigation Defendants

specifically agree to waive any defenses relating to the refiling of the case that would alter the rights Plaintiffs have in the currently pending lawsuit, including but not limiting to the statute of limitation. Defendants specifically stipulate and agree that any statutory recovery period or other rights of recovery currently existing will be effective as if the current lawsuit were never resolved or dismissed. The Parties agree the Defendants would be entitled to a credit for any sums or installments timely paid to Plaintiffs prior to Defendants default and Plaintiff's election to reinstate the litigation.

8. <u>AFFIRMATIONS.</u> Plaintiffs affirm that upon payment of the amounts set forth herein, Plaintiffs will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation, and attorney's fees and costs in connection with Plaintiffs' claims under the FLSA regarding Releasees up to the date of this Agreement.

9. <u>NO ADMISSION.</u> Neither this Agreement nor the furnishing of the considerations for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA.

10. <u>OPPORTUNITY TO REVIEW.</u> Plaintiffs acknowledge that Plaintiffs are aware that Plaintiffs are giving up all FLSA claims Plaintiffs may have against the Releasees. Plaintiffs acknowledge that Plaintiffs have been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. Plaintiffs sign this Agreement voluntarily. The Parties agree and acknowledge that this Agreement was drafted by all Parties and their counsel. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party.

11. <u>SEVERABILITY.</u> Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be

modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

12. <u>VENUE AND GOVERNING LAW.</u> This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provision. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida.

13. <u>ENTIRE AGREEMENT.</u> This Agreement sets forth the entire agreement between Plaintiffs and Defendants as to settlement of the Plaintiffs' FLSA claims asserted in this case. Plaintiffs acknowledge that Plaintiffs have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with the decision to sign this Agreement, except those set forth in this Agreement.

14. <u>EXECUTION IN COUNTERPARTS.</u> This Agreement may be executed in any number of counterparts, each of which shall be considered an original. All the counterparts together shall constitute one and the same instrument.

15. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THIS PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

[SIGNATURES ON FOLLOWING PAGE]

Dated: 1-13-2020                                    DIGITAL CONCRETE IMAGINING, INC.

Sign: _____

Name: Bryan Bacheller

Title: President

_____        1-13-2020
Bryan Bacheller                         Date

_____        1-13-20
Timothy Compoli                         Date

_____        1/13/2020
Cory Cardinal                           Date